### 5445. STOKES *v.* THE STATE.

RUSSELL, C. J. 1. It is not essential to the validity of an accusation based upon section 752 of the Penal Code (which prescribes the punishment for the malicious maiming or killing of a hog) that the indictment shall allege the name of the owner of the hog, or the person in whose possession the hog was at the time of the killing, though in some cases an allegation of ownership or possession may be necessary to supply a proper description of the animal in question. In the accusation in the case at bar the description of the hog alleged to have been maliciously killed affords a perfect means of positive identification, and the accusation is sufficiently conformable to the requirements of section 954 of the Penal Code, as to the form of an indictment. Consequently the court did not err in overruling the demurrer.

2. In a county where the no-fence or stock law is operative, the provisions of the code which define lawful fences have no application or pertinence in the trial of one accused of a violation of section 752 of the Penal Code. But when the alleged malicious killing or maiming of one of the animals included within the provisions of that section occurs in a county where the provisions of the no-fence or stock law are not operative, the accused can not avail himself of the defense that the killing or maiming was done to prevent injury to his crop or other property, unless it be made clearly to appear that the crop or the other property was protected by a substantial fence not less than four and a half feet high.

3. While injuries inflicted on personal property under reasonable provocation are not included within acts "maliciously" done, within the purview and meaning of that term as employed in section 752 of the Penal Code, nevertheless malice may be implied where the killing or maiming of an animal is done wantonly and recklessly, or under circumstances which bespeak a mind disposed to the commission of mis-

chief, whether the act was influenced by an intent to injure the owner or not.

4. The evidence authorized the verdict, and there was no error in refusing a new trial.                    *Judgment affirmed. Roan, J., absent.*

DECIDED APRIL 30, 1914.

Accusation of misdemeanor; from city court of Hazlehurst— Judge Knox. December 6, 1913.

*Bennett & Swain,* for plaintiff in error.

*J. Mark Wilcox, solicitor,* contra.